UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATAN JOSUE GARCIA FLORES (A No. 201 752 754),<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | No. 1:26-cv-1336 DAD CKD P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus on February 16, 2026. On February 24, 2026, the district court judge assigned to this case ordered, by way of preliminary injunction, that petitioner be released from Immigration and Customs Enforcement Agency (ICE) detention and that petitioner not be re-detained absent certain protections. On May 26, 2026, this court recommended that the preliminary injunctive relief ordered be made permanent. That recommendation was adopted by the district court on July 13, 2026, and judgment was entered. Petitioner remains free from ICE detention and has immigration proceedings scheduled for October 15, 2027. Petitioner has filed a motion for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Counsel represents petitioner <u>pro</u> <u>bono</u>.

I. 28 U.S.C. § 2241 Action Challenging Immigration Detention is "Civil"

The EAJA permits an award of attorney fees in "any civil action (other than cases sounding in tort)" brought against officers of the United States such as respondents. 28 U.S.C. § 2412(d)(1)(A). Respondents argue that a 28 U.S.C. § 2241 action challenging immigration detention is not included in the definition of "civil action" under 28 U.S.C. § 2412(d)(1)(A). However, there is no aspect of petitioner's challenge that is criminal as petitioner was not detained because he had a committed a crime and respondents fail to point to anything else suggesting this action is criminal as opposed to "civil." Therefore, this action is "civil" for purposes of the EAJA; this finding is in line with decisions rendered by the Second, Third, and Tenth Circuits. Michelin v. Warden Moshannon Valley Correctional Center, 169 F.4th 418, 424 (3d Cir. 2026); Daley v. Ceja, 158 F.4th 1152 (10th Cir. 2025); Vacchio v. Ashcroft, 404 F.3d 663, 670-72 (2d Cir. 2005).

However, the Fourth and Fifth Circuits have held that § 2241 challenges to immigration detention are not "civil," Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023); Obando-Seguro v. Garland, 999 F.3d 190, 195-97 (4th Cir. 2021), and the issue is currently before the Supreme Court in Palacios v. Liggins, No. 25-1223 with oral argument set for January 11, 2027. Respondents ask that petitioner's motion be held in abeyance until the Supreme Court renders a decision. The court will recommend that respondents' motion be denied as the court finds no aspect of respondents' argument that a § 2241 action challenging immigration detention is not "civil" compelling and the mere possibility that a higher court will disagree with a decision is not sufficient cause to pause proceedings.

II. Position of the United States not "Substantially Justified"

Respondents also argue that petitioner should be denied attorney fees as "the position of the United States [as to petitioner's ICE detention] was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The court disagrees.

Petitioner was arrested, without warning, on December 19, 2025, when he appeared for a routine ICE check-in. ECF No. 3-2 at 3. He was never provided with any ability to challenge his detention such as before an immigration judge. On May 26, 2026, the court found as follows:

> Prior to arrest, Petitioner was released into the United States by ICE premised upon either an explicit or implicit finding that Petitioner was not dangerous or a flight risk. While on release, Petitioner did not commit any crimes, materially complied with conditions of release and is not subject to a final order of removal. Considering all of these factors, and consistent with the court's rulings in Martinez v. Chestnut, 1:25-cv-1826 TLN CKD P, ECF No. 14; Rebolledo v. Chestnut, 1:25-cv-1904 CKD P, ECF No. 15; Esteban-Escalante v. Warden, Mesa Verde ICE Processing Center, 1:26-cv-0096 DC CKD P, ECF No. 10; and H.S. v. Warden, Golden State Annex Detention Facility, 1:25-cv-1924 CKD P, ECF No. 21, the court finds Petitioner's Fifth Amendment right to due process was violated . . .

Respondents fail to point to any facts indicating petitioner's detention was justified such as facts suggesting petitioner is dangerous. Petitioner was detained in the manner he was (without meaningful process) seemingly pursuant to a change in ICE policy despite that, generally speaking, the Due Process Clause applies to all persons within the "geographic borders" of the United States, Zadvydas v. Davis, 533 U.S. 678, 693 (2001), "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments," Plyler v. Doe, 457 U.S. 202, 210 (1982), and "persons" cannot be deprived of liberty without due process. All things considered, respondents arrest and detention of petitioner cannot be characterized as "substantially justified."

III. Amount of Award and No Bad Faith

Respondents do not object to the hourly rate for work performed by counsel for petitioner being set at $258.46. Petitioner seeks a total award of $10,466.78. The court has reviewed the evidence provided by petitioner as to the amount of time counsel spent working on petitioner's case and finds that amount of time to be reasonable.

The only question that remains is whether petitioner is entitled to the hourly rate being set at the market rate of $650. The court can award the market rate upon a showing of bad faith. Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir. 1990). In Brown, the Ninth Circuit held:

> This bad faith exception [to a limit on the amount of an award of attorney fees provided for in the EJAJ] is "a narrow one," typically invoked in cases of "vexatious, wanton, or oppressive conduct." [Citation omitted.] An award of attorney fees under the bad faith exception is "punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." [Citation omitted.]

Id. at 495. The court does not find the "narrow" exception of bad faith. Law concerning immigration detention is complicated and not always as clear as it could be. The law simply was not clear enough, due at least in part to the lack of unquestionably definitive precedent from the Ninth Circuit and the Supreme Court, at the time respondents acted in this case.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' request that petitioner's motion for an award of attorney fees be held in abeyance (ECF No. 23) be DENIED;
2. Petitioner's motion for an award of attorney fees (ECF No. 19) be GRANTED; and
3. The Department of Homeland Security be ordered to pay counsel for petitioner $10,466.78 within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
flor1336.fees